IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROCKY A. COWGER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 10-523-CJP** |
| | ) | |
| **MICHAEL J. ASTRUE**, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is counsel's Petition for Attorney Fee Pursuant to §206(b)(1).  **(Doc. 36)**.

After this Court reversed the decision denying plaintiff's application for benefits and remanded pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner granted plaintiff's application.  The Commissioner awarded past-due benefits totaling $30,990.00.  The Commissioner approved the fee agreement between plaintiff and his attorney, which provided for a fee of 25% of the past due amount, and withheld 25% of the past due amount (i.e., $7,524.75) pending court approval of the fee.  See, Doc. 36, Ex. 1 & 2.

42 U.S.C. §406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits.  However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*.  In practical terms, as plaintiff's counsel recognizes, this means that, in the event of an award under §406(b)(1), counsel must refund any amount previously awarded the

1

Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart,* **535 U.S. 789, 807 (2002).**

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that 25% of the past-due amount is a reasonable fee here. The Court notes that the Commissioner has filed a response indicating that he does not oppose counsel's request. While the Commissioner has no direct stake in the §406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, **535 U.S. at 798, n. 6**.

Wherefore, counsel's Petition for Attorney Fee Pursuant to §206(b)(1) **(Doc. 36)** is **GRANTED**. The Court awards counsel a fee of $7,524.75, representing 25% of the past-due benefits.

Counsel shall refund the amount previously awarded under the EAJA, $4,431.63.

**IT IS SO ORDERED.**

**DATE:  November 29, 2012**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**