IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROCKY A. COWGER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 10-523-CJP |
| | ) |
| **MICHAEL J. ASTRUE**, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is counsel's Petition for Attorney Fee Pursuant to §206(b)(1). **(Doc. 36)**.

After this Court reversed the decision denying plaintiff's application for benefits and remanded pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner granted plaintiff's application. The Commissioner awarded past-due benefits totaling $30,990.00. The Commissioner approved the fee agreement between plaintiff and his attorney, which provided for a fee of 25% of the past due amount, and withheld 25% of the past due amount (i.e., $7,524.75) pending court approval of the fee. See, Doc. 36, Ex. 1 & 2.

42 U.S.C. §406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, as plaintiff's counsel recognizes, this means that, in the event of an award under §406(b)(1), counsel must refund any amount previously awarded the

Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

***Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).**

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that 25% of the past-due amount is a reasonable fee here.  The Court notes that the Commissioner has filed a response indicating that he does not oppose counsel's request.  While the Commissioner has no direct stake in the §406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants."  ***Gisbrecht*, 535 U.S. at 798, n. 6**.

Wherefore, counsel's Petition for Attorney Fee Pursuant to §206(b)(1) **(Doc. 36)** is **GRANTED**.  The Court awards counsel a fee of $7,524.75, representing 25% of the past-due benefits.

Counsel shall refund the amount previously awarded under the EAJA, $4,431.63.

**IT IS SO ORDERED.**

**DATE:  November 29, 2012**

                                                <u>s/ Clifford J. Proud</u>
                                                **CLIFFORD J. PROUD**
                                                **UNITED STATES MAGISTRATE JUDGE**